INTERSTATE ELECTRIC CO. v. D'AN-
TONI BROS. ET AL.

(February 17, 1930.   Opinion and Decree.)
(March 10, 1930.   Rehearing Refused.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellant.

S. Roccaforte, of New Orleans, attorney for defendants, appellees.

HIGGINS, J.  Plaintiff sued defendants, a commercial partnership, and the partners thereof, in solido, for the sum of $276.60 on an open account for merchandise alleged to have been delivered from August 1 to September 17, 1927.  Defendants denied liability on the ground that their brother, Biagio J. D'Antoni, who was in charge of the operation of their garage, was without authority to open the account and make any purchases for the defendants.  There was judgment in favor of defendants, dismissing plaintiff's suit, and plaintiff has appealed.

The record shows that D'Antoni Bros. was a commercial partnership composed of Salvador J. D'Antoni and Louis J. D'Antoni.  The partnership was engaged in the garage business in New Orleans with Biagio J. D'Antoni, a brother of the partners, in actual charge of the operation of the business, the partners being employed by the Standard Fruit Company in this city.

Plaintiff is a wholesale house, and a large part of its business is supplying automobile and electrical goods to garages and service stations.  This company had regularly sold goods to D'Antoni Bros.' garage on a cash basis.  The salesman who secured these orders suggested to Biagio J. D'Antoni that he open a credit account with plaintiff, and was told that this would have to be done through his brothers, Salvador or Louis D'Antoni.  The matter was then referred to O. H. Rasch, secretary-treasurer and credit manager of the plaintiff

company, as was the customary procedure. Rasch, after checking defendant's credit rating, and finding it good, telephoned the office of the Standard Fruit Company, and asked to speak to one of the D'Antoni brothers, and he testified that one of the brothers authorized him over the telephone to open the account. The goods were then delivered on the orders of Biagio J. D'Antoni over the period of August 1 to September 17, 1927. Both partners denied having any such conversation with Rasch, but admit they checked over the bills of the plaintiff for the goods alleged to have been delivered to the garage, and paid the items which they had authorized.

The plaintiff's witness, Rasch, testified that Biagio J. D'Antoni was in actual charge of the operation of the garage. It is admitted by the defendant partners that they had placed their brother in charge of the garage, but, they say, not as manager, as he was "irresponsible." It appears that the partners, employed by the Standard Fruit Company, went to the garage whenever they had an opportunity, and particularly in the evening, for the purpose of seeing how the business was getting along.

We are convinced that Biagio J. D'Antoni was in actual charge and operating the business for the partnership, with actual or ostensible authority to order merchandise necessary in connection with the operation of the business. We are further of the opinion that Rasch, credit manager of plaintiff, did call up one or the other of the brothers at the Standard Fruit Company, and was authorized to open the account in question. We are fortified in this opinion because there would have been no necessity for changing the arrangement from a cash to a credit account, except to accommodate defendants.

D'Antoni Bros. made no complaint during the period of August 1 to September 17, 1927, when the merchandise was delivered, and, in fact, the account was 90 days past due when demand for payment was made upon them, and they refused to pay on the grounds of want of authority, as urged in the defense. The fact that they actually paid for a number of the articles delivered under the account shows that they had knowledge of the existence of the account, and there is nothing in the record to show that they ever instructed the plaintiff not to deliver any merchandise ordered by Biagio J. D'Antoni, who had at least ostensible authority to order merchandise necessary in the operation of the business. The account in question covers only such commodities.

We find that plaintiff has made out a case by a preponderance of the evidence, and is entitled to recover. However, the record shows that plaintiff was unable to properly prove delivery of all the merchandise, but did prove delivery of goods aggregating the sum of $228.50.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment herein in favor of the Interstate Electric Company, plaintiff, against the defendants, D'Antoni Bros., a commercial partnership composed of Salvador J. D'Antoni and Louis J. D'Antoni, and the said Salvador J. D'Antoni and Louis J. D'Antoni, defendants, in solido, in the full sum of $228.50, with legal interest from judicial demand until paid, and all costs of court.